# CASES

## IN THE

# SUPREME COURT OF ALABAMA

NOVEMBER TERM 1913-14.

## Monts *v.* The State.

### *Murder.*

(Decided April 16, 1914. 64 South. 953.)

1. *Appeal and Error; Harmless Error; Evidence.*—Where it was admitted that defendant shot deceased from behind a rail fence while deceased was traveling down the road, if it was error to admit opinion evidence as to the range of gun fire from wads found in the road, it was harmless.

2. *Homicide; Defenses; Apprehension of Danger.*—Although defendant was free from fault in bringing on the difficulty, and although deceased made demonstrations which would cause a reasonable man to believe in the imminence of his peril, defendant was not entitled to kill deceased unless he honestly believed in the imminence of his peril.

APPEAL from Perry Circuit Court.

Heard before Hon. B. M. MILLER.

Clarence Monts was convicted of murder in the first degree, and he appeals. Affirmed.

The facts and the objections to evidence sufficiently appear from the opinion of the court. Charge 1 refused to defendant is as follows: "I charge you that, if you believe from the evidence that defendant was free from fault in bringing on the difficulty, and deceased made a demonstration which would cause a reasonable man to honestly believe that he was about to put his life in peril, defendant was not bound to retreat, but had a

right to stand his ground, and, if necessary, to kill, to protect himself from such peril."

W. F. HOGUE, and R. B. EVINS, for appellant. Defendant was under no duty to retreat.—*Beasley v. State,* 61 South 259; *Cook v. State,* 59 South. 519; *Story v. State,* 71 Ala. 337. The charges refused, therefore, were improperly refused. The evidence as to the range of gun fire was a mere conclusion, and should have been excluded.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. There was no dispute about the position of defendant and deceased at the time of the firing of the fatal shot, and hence, any error in the admission of evidence as to the range of gun fire was harmless. The charges fail to hypothesize defendant's honest belief in the imminence of his peril, and hence, were properly refused.

McCLELLAN, J.—The appellant was adjudged guilty of murder in the first degree, and his punishment was fixed at imprisonment for life. The victim was Bob Donaldson. The theory pressed for the prosecution was that of a legally inexcusable homicide, by lying in wait and shooting Donaldson as he traveled along a public road. There was evidence tending to support that theory. The defendant sought to justify under the doctrine of self-defense. On the defendant's own testimony, it is a matter of at least serious doubt that full, cautious consideration might resolve against him, whether he was of the class entitled to invoke that doctrine for his exoneration. However, the solution of the questions presented for review does not require a decision on that matter. There was testimony for the prosecution tend-

ing to identify a point—on the opposite side of a rail fence from the public road in which it appeared, from some of the evidence, Donaldson was traveling when shot with a shotgun twice discharged—from which the assassin fired upon him. A large crack in the fence at that point was described in the evidence, and a mark upon or a broken or cut twig was described by some of the evidence as having been hit by shot from a gun; and also some evidence descriptive of the relative location and elevation of the point inside the fence, of the marked twig, and of the roadway at the place it was asserted Donaldson was when he was shot.

In this connection testimony was adduced to the effect that two sets of gun wads were in or by the roadway, one further up or down than the other. All the evidence was to the effect that two shots from a shotgun were fired by defendant. These questions, eliciting the answers quoted, were propounded by the solicitor to the witness Yeager, who testified as to the locations of the wads: What was the line or range of them [wads] from the road?" The answer was: "Well, one ranged down the road, and one ranged up." "Where did they [wads] range from?" The answer was: "From the fence." "How was that twig and the crack—the large crack—as to the level of the two?" The answer was: "Yes, sir; they were on the level." The objection's particular point was that an opinion or conclusion of the witness was invoked by the questions. Motions to exclude the answers rested on the like notion. All were overruled. The question first quoted was answered in a previously propounded question which, as well as the answer thereto, were not objected to. The second quoted question would seem, if taken literally, to call for a response that could not, from the fact alone of the presence of the wadding at the points stated in the road, be

known by any finite being. No one could possibly tell where a missile "ranged from" if his sole knowledge on the subject was the fact that it lay in a certain spot in an uninclosed area. To the jury cannot be attributed a less common knowledge of the impossibility of a believable answer to the question by one who did not see the gun fire and the wads fall, as was the case with Yeager. But, if the quoted answer is treated as responsive, and as capable of producing an evidential effect on the mind of any member of the jury, it wrought no prejudice, since the defendant himself testified that he shot Donaldson from inside the fence at the point where he ejected two discharged shells from his gun, and where two such shells were found soon after the tragedy. In short, the fact that the shooting was done "from the fence" was not a matter of contest in the evidence, though whether the shots were fired over or through the "large crack" in the fence was the subject of doubt. The third quoted question was without objectionable quality. Its manifest purpose and effect was to show that the gun fired from the "large crack" cut the twig, and the evidence otherwise tended to establish the state's contention that a shot so directed could and did strike Donaldson.

Charge 1 was well refused. It was faulty, if not otherwise, in omitting to hypothesize defendant's honest belief that he was, when he shot, in peril. No error appearing, the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and SOMERVILLE, JJ., concur.